UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ARNULFO GERMAN REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I MENDOTA,<br><br>Respondent. | No. 1:24-cv-01543-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO OBEY LOCAL RULES  AND FAILURE TO PROSECUTE<br><br>**14-DAY OBJECTION DEADLINE** |

Petitioner Hector Arnulfo German Reyes ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I. Background**

Petitioner filed the instant habeas petition on December 17, 2024, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota. (Doc. 1).  On September 4, 2025, the Court completed a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases[1]. (Doc. 6).  Petitioner alleges the BOP denied him due process with respect to a disciplinary hearing. (*See generally* Doc. 1). Upon review, because it

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

1

does not plainly appear that Petitioner is not entitled to relief (*see Bostic v. Carlson*, 884 F.2d 1167, 1169 (9th Cir. 1989)), the Court ordered Respondent to respond to the petition and set a briefing schedule making Respondent's answer or motion to dismiss due by November 3, 2025. (Doc. 6).  The Court's order was served upon Petitioner.  *See* (9/04/2025 dkt. entry).

On September 23, 2025, the Court's order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at this Address."  *See* (9/23/2025 dkt. entry). More than 30 days have passed yet Petitioner has failed to update his address with the Court.

## II. Discussion

Petitioner has failed to keep the Court apprised of his current address. Therefore, for the reasons set forth below, the undersigned will direct Petitioner to explain in a written filing why this action should not be dismissed for his failure to comply with the Local Rules and failure to prosecute the action.

### *Applicable Legal Standards*

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."  Further, Local Rule 183(b)

provides that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

*Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. A search of the BOP's inmate database shows Petitioner was released from custody as of July 30, 2025.[2]

### III. Conclusion and Order

Accordingly, the Court **ORDERS** Petitioner to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules and failure to prosecute the action

**Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to prosecute and to comply with the Local Rules**.

IT IS SO ORDERED.

Dated: __October 27, 2025__              _____
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed on October 27, 2025).