UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ARNULFO GERMAN REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:24-cv-01543-CDB (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO STAY<br><br>(Doc. 8)<br><br>**30-Day Deadline** |

Petitioner Hector Arnulfo German Reyes ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on December 17, 2024, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota ("FCI Mendota"). (Doc. 1). Petitioner alleges the BOP denied him due process with respect to a disciplinary hearing. (*See generally* Doc. 1).

After review of the petition and finding it does not plainly appear that Petitioner is not entitled to relief, on September 4, 2025, the Court ordered Respondent to respond to the petition by November 3, 2025. (Doc. 6).

On the deadline to file a response, Respondent instead filed a motion to stay. (Doc. 8). Respondent argues a stay is warranted because appropriations to the Department of Justice ("DOJ"), by whom counsel for Respondent and relevant employees of the BOP are employed,

lapsed upon expiration of the relevant appropriations act on September 30, 2025. *Id.* at 1. As such, Respondent explains that neither DOJ nor BOP counsel or staff are permitted to work until Congress has restored appropriations. *Id.* at 1-2. Respondent further asserts that, because BOP staff are unavailable to assist, counsel for Respondent "cannot effectively respond to Petitioner's arguments." *Id.* at 2. Lastly, Respondent represents that Petitioner's response to the Court's outstanding order to show cause (Doc. 7) is due November 10, 2025,[1] and the BOP's inmate locator does not appear to evidence Petitioner presently in BOP custody. *Id.*

### I.  **Standard of Law**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

///

///

---

[1] The Court notes that this date is incorrect. The deadline is, in fact, November 13, 2025. *See* Fed. R. Civ. P. 6(d).

**II.     Discussion**

In the pending motion, Respondent fails to weigh or even acknowledge the *CMAX* factors. While the Court acknowledges its discretion to temporarily stay proceedings under the circumstances described by Respondent in the motion, the Court does not find that the balance of *CMAX* factors favors staying proceedings. The Court, instead, will continue the deadline for Respondent's filing of a response by 30 days.

As the undersigned previously has admonished counsel for Respondent, Assistant U.S. Attorney Michelle Rodriguez, on at least six prior occasions (*see Blanc v. Taylor*, No. 1:24-cv-01212-KES-CDB, 2025 WL 437661, at *1 (E.D. Cal. Feb. 7, 2025) (citing cases); *Puente v. Warden*, No. 1:23-cv-00083-CDB (E.D. Cal. Sept. 11, 2025), the Court disfavors motions seeking extensions of time filed on the deadline sought to be extended. *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.").

Any continued failure by counsel for Respondent to comply with the Court's orders or Local Rules may result in the imposition of sanctions.

**Conclusion and Order**

Accordingly, it is hereby **ORDERED:**

1. Respondent's motion to stay (Doc. 8) is DENIED.
2. The deadline by which Respondent shall file a response to the petition, including any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, is continued by 30 days, through and including **December 3, 2025**.

///
///
///

3

3. Petitioner's traverse to any Answer or Opposition to any motion to dismiss filed by Respondent is due on or before **30 days** from the date of Respondent's filing.

IT IS SO ORDERED.

Dated: **November 5, 2025**

UNITED STATES MAGISTRATE JUDGE