UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ARNULFO GERMAN REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | Case No. 1:24-cv-01543-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Hector Arnulfo German Reyes ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner filed the instant habeas petition on December 17, 2024, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota. (Doc. 1). On September 4, 2025, the Court completed a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases[1]. (Doc. 6). Petitioner alleges the BOP denied him due process with respect to a disciplinary hearing. (*See generally* Doc. 1). Upon review, because it

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

does not plainly appear that Petitioner is not entitled to relief (*see Bostic v. Carlson*, 884 F.2d 1167, 1169 (9th Cir. 1989)), the Court ordered Respondent to respond to the petition and set a briefing schedule making Respondent's answer or motion to dismiss due by November 3, 2025. (Doc. 6). The Court's order was served upon Petitioner. *See* (9/04/2025 dkt. entry). On September 23, 2025, the Court's order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at this Address." *See* (9/23/2025 dkt. entry).

On October 27, 2025, the Court issued an order to show cause, noting that more than 30 days had passed yet Petitioner had failed to update his address with the Court, and directing Petitioner to respond in writing why the action should not be dismissed for failure to obey this Court's Local Rules and failure to prosecute the action. (Doc. 7). The Court served the order upon Petitioner and, on November 13, 2025, the order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at this Address." *See* (11/13/2025 dkt. entry).

The Court's order advised Petitioner that "**[f]ailure to comply with this order will result in a recommendation that this action be dismissed for a failure to prosecute and to comply with the Local Rules**." (Doc. 7 at 3; emphasis in original).

**Governing Legal Standards**

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

1    Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk
2    and all other parties of any change of address …. Absent such notice, service of documents at the
3    prior address of the … pro se party shall be fully effective."  Further, Local Rule 183(b) provides
4    that a "party appearing in propria persona shall keep the Court and opposing parties advised as to
5    his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned
6    by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within
7    thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice
8    for failure to prosecute."

9    "In determining whether to dismiss an action for lack of prosecution, the district court is
10   required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2)
11   the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
12   policy favoring disposition of cases on their merits; and (5) the availability of less drastic
13   sanctions."  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &
14   citation omitted).  These factors guide a court in deciding what to do and are not conditions that
15   must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products*
16   *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

17   Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the
18   petitioner fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule 41(b)
19   dismissal . . . requires a court order with which an offending [petitioner] failed to comply."  *Applied*
20   *Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks,
21   citation, and footnote omitted).  The Court must analyze five factors before dismissing a case
22   pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the
23   court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy
24   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
25   *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*,
26   291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding what to do and are not
27   conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA)*
28   *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. Further, a search of the BOP's inmate database shows Petitioner was released from custody as of July 30, 2025.[2]

Thus, Petitioner has failed to comply with the Court's order and Local Rules and, as Petitioner has failed to provide the Court an address at which to effect service, there are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440. The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation to prosecute the case and his providing of an address at which Respondent can serve documents. The presumption of injury holds given Petitioner's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondent— also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. Rather, his failure to comply with this Court's orders and Local Rules prevents the action from progressing given his failure to provide a current address within the timeframe set forth in Local Rule 183(b). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d

---

[2] Federal Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed on November 14, 2025).

at 1262. Here, as discussed above, the Court's order cautioned Petitioner that failure to comply would result in a recommendation that the action be dismissed. (Doc. 7 at 3). The case opening documents advised Petitioner that, absent notice to the Court of any change of address, "service at the prior address shall be fully effective." (Doc. 4 at 2); *see also* Local Rule 182(f).

**Conclusion and Recommendation**

For the reasons given above, the Clerk of the Court is DIRECTED to assign a United States District Judge to this action.

Further, IT IS RECOMMENDED as follows:

1. The Court DISMISS this action for Petitioner's failure to prosecute this action and to comply with the Court's orders (*see* Local Rule 110); and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 14, 2025**

UNITED STATES MAGISTRATE JUDGE